## GIBSON v. COLBERT.

No. 951.   Opinion Filed July 11, 1911.

(116 Pac. 794.)

**APPEAL AND ERROR—Review of Evidence—Affirmance.** Where the evidence of the witnesses for the defendant is stricken from the case-made by the judge who signed the same, before it is signed and settled, and the assignment of errors presented to this court for review requires an examination of the evidence taken at the trial, the judgment of the court below must be affirmed.

(Syllabus by the Court.)

*Error from McCurtain County Court; T. J. Barnes, Judge.*

Action by Winnie Colbert against B. Gibson. Judgment for plaintiff, and defendant brings error. Affirmed.

*Welch & Cruthis,* for plaintiff in error.

*Spaulding & Carr,* for defendant in error.

KANE, J.   This was an action in replevin, commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover possession of certain cattle which the plaintiff, who was a married woman, claimed as her separate property.   The case was commenced before a justice of the peace, and appealed to the county court of McCurtain county, where in a trial to a jury it resulted in a verdict and judgment for the plaintiff, to reverse which this proceeding in error was. commenced.   There were no pleadings on behalf of the defendant, but from statements of his counsel in their brief, and the evidence disclosed by the record, it appears that the defendant depended upon an estoppel, which he claims arose by reason of the plaintiff permitting her husband to mortgage the cattle involved to one Lundford, to secure a pre-existing debt, who afterwards purchased the cattle from the husband in settlement of said indebtedness and sold them to the plaintiff in error, Gibson.

The specific assignments of error relied upon by counsel for plaintiff in error in their brief are:

(1)    That the trial court erred in giving to the jury the last paragraph of the court's instruction as follows:

"Gentlemen of the jury, in the event you find the property sued for is the separate property of the plaintiff, Winnie Colbert, then the court instructs you that the law is that in order to show that any contract requiring the acknowledgment of a married woman to be binding, must show to have been made in the absence of and without undue influence of her said husband."

(2) That the trial court erred in refusing to give to the jury the instruction requested by the defendant as follows:

"The jury in this case is instructed by the court that where a person, by his acts, declarations, representations, by his silence when he ought to speak out, either intentionally or through negligence, induced another person to believe certain facts to exist, and such other person rightfully acts on the belief so induced, and is misled thereby, then the former person is estopped to afterwards set up a claim which is not consistent with the facts so relied upon to the injury of the person so misled. This definition embraces all the essential elements of an estoppel. It will be your duty to examine the evidence and ascertain whether all these elements are proved in this case."

There was no issue joined by the evidence to which either instruction could be applicable. Mrs. Colbert testified that she owned the cattle, and her testimony was not disputed by any evidence that we are at liberty to examine. Indeed, there was no dispute as to her ownership; the only defense relied upon being the estoppel heretofore mentioned. On that question the plaintiff testified that she was not present when the cattle were mortgaged or sold, and that she had no knowledge that her husband was going to mortgage or sell the cattle, and knew nothing about it. It is true that there was an attempt made to contradict her by two witnesses; but the evidence of one of them was stricken out on the suggestion of amendments to the case-made, because the witness could not understand the Choctaw language, and the plaintiff and her husband were Choctaws and could not understand English, and the other's because he admitted that he did not know and could not swear that the cattle involved in this case were the same cattle about which he sought to testify.

As no error was predicated upon the action of the court in

striking out this evidence, the case stands upon the uncontradicted evidence of the plaintiff, and, as that fully sustains her claim, there is nothing to do but affirm the judgment rendered in her favor.

It is so ordered.

All the Justices concur.